UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYCOLA PANCHISHAK,

                             Plaintiff,

    v.

COUNTY OF ROCKLAND *and* FRANCIS McSHARAR,

                             Defendants.

No. 20-CV-10095 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    On September 27, 2021, the Court granted Defendants' Motion To Dismiss. (Dkt. No. 19.) The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file an amended complaint addressing the deficiencies identified in the Opinion & Order, noting that failure to do so could result in dismissal of the Action with prejudice. (*Id.*)

    On November 5, 2021, the Court issued an Order To Show Cause, directing Plaintiff to file an Amended Complaint or show cause as to why the case should not be dismissed for failure to state a claim by no later than December 5, 2021. (Dkt. No. 20.) This order again informed Plaintiff that failure to comply could result in dismissal of the Action with prejudice. (*Id.*)

    "On November 9, 2021, the Court received a telephone call from Plaintiff in which he indicated that he did not receive a copy of the Court's September 27, 2021 Opinion & Order on Defendants' Motion to Dismiss." (Dkt. No. 21, at 1.) Accordingly, the Court vacated its November 5, 2021 Order To Show Cause, allotting Plaintiff 30 days from the date of this second order—December 10, 2021—to file an amended complaint. (*Id.*) Once more, the Court reminded Plaintiff that failure to file an amended complaint could result in dismissal with

prejudice. (*Id.*) Plaintiff has not filed an Amended Complaint and, outside of the November 9, 2021 phone call, has not communicated with the Court.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to

>be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same).  No single factor is dispositive.  *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

    The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case. Plaintiff was ordered at least three times to file an Amended Complaint and was instructed that a failure to do so could result in dismissal.  (*See* Dkt. Nos. 19, 20, 21.)  Though Plaintiff did not receive these orders in chronological order intended—having received the Order To Show Cause, then the Opinion & Order, then the new Order—Plaintiff's failure to comply is not in dispute.  Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

3

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: July 6, 2022
       White Plains, New York

                                              KENNETH M. KARAS
                                              UNITED STATES DISTRICT JUDGE